**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RUSSELL L. BASTIAN,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL NO. 3:CV-17-1720** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **UNION COUNTY JAIL,** | : | |
| | : | |
| **Defendant** | : | |

## M E M O R A N D U M

This case comes before the Court for a legally mandated screening review of Mr. Bastian's Complaint. The Plaintiff, Russell L. Bastian, is a state inmate currently incarcerated at Chester State Correctional Institution (SCI-Chester), in Chester, Pennsylvania, but files this *pro se* civil rights action related to his conditions of confinement while housed at the Union County Jail in Lewisburg, Pennsylvania. (ECF No. 1.)

The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Upon screening the Complaint, the Court will grant Mr. Bastian's request to proceed *in forma pauperis* (ECF No. 2) but dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court, however, will grant Mr. Bastian leave to file an amended complaint to identifying those Union County Jail employees who are personally responsible for, or directed, the alleged violation of his Eighth Amendment rights.

## II.     Standard of Review for Screening *Pro Se In Forma Pauperis* Complaints

When a litigant seeks to proceed *in forma pauperis*, without payment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint.  *See* 28 U.S.C. § 1915(e)(2)(B).  Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint.  *See* 28 U.S.C. § 1915A(a).  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i) - (iii); 28 U.S.C. § 1915A(b)(1) – (2); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).

A complaint is frivolous if it lacks an arguable basis either in law or fact.  *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1832 - 33, 104 L.Ed.2d 338 (1989)).  In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6).  *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).  Under Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 - 11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949 - 50, 173 L.Ed.2d 868 (2009)).  The court may also rely on exhibits attached to the complaint and matters of public record.  *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ."  Fed. R. Civ. P. 8(a)(2).  A complaint is required to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it

rests." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)).

To test the sufficiency of the complaint, the court "must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, a court must "take note of the elements a plaintiff must plead to state a claim." *Id.* (internal quotations and brackets omitted). Second, the court must identify allegations that are merely legal conclusions "because they . . . are not entitled to the assumption of truth." *Id.* While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964). Third, a court should assume the veracity of all well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949).

A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 - 21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Yet, even a *pro se* plaintiff "must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir.2013) (citation omitted). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

With these principles in mind, the Court sets forth the background to this litigation, as Plaintiff alleges it.

## III.    Allegations of the Complaint

Mr. Bastian's one-paragraph Complaint reads as follows:

> Had to eat in my cell right beside the toilet I used many times daily. No medical help while in pain with a mouth issue.

(ECF No. 1 at 2.)   The sole named defendant is the Union County Jail. (*Id.*)   Mr. Bastian seeks unspecified compensation "for having to eat like an animal.  Also, the pain and suffering of no medical help." (*Id.* at 3.)

## IV.    Discussion

### A.  Failure to State a Claim against the Union County Prison

To successfully state a § 1983 claim, a plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct complained of deprived the plaintiff of rights, privileges, or immunities secured by the laws or the Constitution of the United States. *Rehberg v. Paulk*, 566 U.S. 356, 361, 132 S.Ct. 1497, 1501-02, 182 L. Ed.2d 593 (2012); *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011).

To establish liability for the deprivation of a constitutional right, an individual government defendant must have personal involvement in the alleged wrongs; liability cannot be predicated on the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.  *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948; *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).  "It is uncontested that a governmental official is liable only for his or her own conduct and accordingly must have

had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. I.C.E.*, 643 F.3d 60, 71-72 (3d Cir. 2011). Personal involvement can be found where a defendant personally directs the wrongs or has actual knowledge of the wrongs and acquiesces in them. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (noting that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-202 (3d Cir. 2000).

Here, Mr. Bastian alleges he was denied adequate medical care for an unspecified "mouth issue" and exposed to unsanitary conditions of confinement during his incarceration at the Union County Jail. The sole Defendant is the Union County Jail.

It is well-established that a prison or correctional facility is not a "person" that is subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Slagel v. Cnty of Clarion*, 435 F.3d 262, 264 n. 3 (3d Cir. 2006) (affirming on other grounds and observing that "[t]he District Court dismissed Clarion County Jail as a defendant in this case, stating 'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws' "); *Fischer v. Cahill,* 474 F.2d 991 (3d Cir.1973) (New Jersey prison medical department held not a "person" under § 1983). Additionally, the Court notes that Mr. Bastian does not allege that his constitutional rights were violated as the result of any policy, custom or practice of the Union County Jail. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658,

690-91, 98 S.Ct. 2018, 2035-36, 56 L.Ed.2d 611 (1978). Accordingly, Mr. Bastian's claims against the Union County Jail are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as the Union County Jail is not a person and not amendable to suit under 42 U.S.C. § 1983.

### B. Mr. Bastian Fails to State a Conditions of Confinement Claim

The Eighth Amendment is violated by the conditions of an inmate's confinement when there is an "unnecessary and wanton infliction of pain" by prison officials, "whether that conduct occurs in connection with establishing conditions of confinement [or] supplying medical needs." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). The conditions of imprisonment may violate the Eight Amendment if they, "alone or in combination, … deprive inmates of the minimal civilized measures of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). These necessities include "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994). The Constitution "does not mandate comfortable prisons." *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991) (internal quotation marks and citation omitted). "[R]outine discomfort is part of the penalty that criminal offenders pay for their offenses against society." *Hudson v. McMillian,* 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992) (internal quotation marks and citation omitted). Thus, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id*.

The United States Court of Appeals for the Third Circuit has interpreted the "deprivation of basic human needs" standard as requiring proof of two elements: (1) "a

sufficiently serious objective deprivation," and (2) "that a prison official subjectively acted with a sufficiently culpable state of mind, i.e., deliberate indifference." *Tillman v. Lebanon Cnty Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000). Deliberate indifference requires that a prison official acted with actual awareness of excessive risks to the plaintiff's safety. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001).

Here, even if Mr. Bastian alleged the personal involvement of a Union County Jail employee, his allegations do not establish that the conditions in his Union County Jail cell deprived him of life's necessities. Plaintiff asserts that he "[h]ad to eat in [his] cell right beside the toilet [he] used many times daily." (ECF No. 1 at 2.) Notably, Plaintiff does not allege that his toilet was malfunctioning, or that he was unable to flush it after using it. Nor does he suggest it leaked sewage into his cell. Albeit unpleasant, the requirement that a prisoner eat in his cell, in and of itself, does not amount to an Eighth Amendment deprivation. *See Walters v. Berks Cnty. Prison,* No. 11–6357, 2012 WL 760849, at *2 (E.D. Pa. Mar.9, 2012) (being forced to eat in a cell next to a toilet emitting unpleasant odors does not violate the Eighth Amendment); *Hill v. Smith,* No. 09–0811, 2010 WL 148272, at *3, 6 (W.D. La. Jan.12, 2010) (being forced to eat in a dormitory near toilets emitting odors does not violate the Eighth Amendment). The conditions of the Plaintiff's confinement as stated, while harsh, do not meet the high standard of an "extreme deprivation[ ]" required to state a claim for constitutional violations arising out of conditions of confinement. *Hudson,* 503 U.S. at 8-9, 112 S.Ct. at 999-1000.

Finally, as plead, the Plaintiff's allegation that he was denied medical help for his painful "mouth issue" do not state a claim. Fed. R. Civ. P. 8(a) requires a plaintiff to include in a complaint, among other things, "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This statement must
" 'give the defendant fair notice of what the ... claim is and the grounds upon which it
rests,' " this statement does not require "detailed factual allegations." *Twombly,* 550
U.S. at 555, 127 S.Ct. at 1964 (alteration in original) (quoting *Conley v. Gibson,* 355
U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Mr. Bastian does not describe his
"mouth issue," nor does he aver when he suffered from this condition, whether he
alerted Union County Jail staff of the severity of his discomfort and that they then
elected to disregard his complaints of pain. Accordingly, as plead, Mr. Bastian fails to
assert a claim for the denial of medical care that would rise to an Eighth Amendment
claim.

### C.      Leave to File an Amended Complaint

Mr. Bastian will be granted twenty-one days to file an amended complaint to
replead his Eighth Amendment claims. If Mr. Bastian decides to file an amended
complaint, he must clearly label it, on the face of the document, "Amended Complaint."
It must bear the docket number assigned to this case and must be retyped (double
spaced) or legibly rewritten (double spaced) in its entirety, on the court-approved form.[1]
In addition, any amended complaint filed by Mr. Bastian supersedes (replaces) the
original complaint already filed. It must be "retyped or reprinted so that it will be
complete in itself including exhibits." M.D. Pa. LR 15.1; *see also W. Run Student Hous.
Assocs. V. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013). Consequently, all
causes of action alleged in the Complaint that were not dismissed with prejudice and

---

[1] In the "Caption" section of the amended complaint, Plaintiff must state the first and last
name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also
indicate whether he intends to sue each defendant in his or her individual capacity, official
capacity, or both.

are not included in the amended complaint will be deemed abandoned and will not be considered. In other words, Mr. Bastian's failure to include either his conditions of confinement or medical claim in the amended complaint will result in those claims being waived by Plaintiff. Additionally, Mr. Bastian may not assert new claims in his amended complaint. He may only augment his factual pleading concerning his existing claims.

Mr. Bastian is also advised that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations in the amended complaint may not be conclusory. Instead, Plaintiff must plead facts to show how each defendant named is personally involved or responsible for the alleged harm. In other words, the allegations should be specific enough as to time and place and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each defendant did that led to deprivation of his rights. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948.

If Plaintiff fails to file an amended complaint on the Court's form within twenty-one days, and in compliance with the Court's instructions, the Court will dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Finally, Plaintiff is reminded of his obligation to advise the Court of any change of address. *See* M.D. Pa. LR 83.18. His failure to do so will be deemed as his abandonment of the lawsuit resulting in the dismissal of the action.

An appropriate order follows.

**Date: May 16, 2019**          /s/ A. Richard Caputo
                                 **A. RICHARD CAPUTO**
                                 **United States District Judge**