# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RUSSELL L. BASTIAN,

    Plaintiff

v.

UNION COUNTY JAIL,

    Defendant

CIVIL NO. 3:CV-17-1720

(Judge Caputo)

## MEMORANDUM

The postal service has returned the Court's recent mailing addressed to Mr. Bastian at his last known address. As the Court is unable to communicate with Mr. Bastian, this action will be dismissed without prejudice for failure to prosecute.

II. **Factual and Procedural History**

Mr. Bastian, a Pennsylvania state inmate at the time he initiated this lawsuit, filed this *pro se* civil rights action concerning his conditions of confinement while housed at the Union County Jail in Lewisburg, Pennsylvania. He named the Union County Jail as the sole defendant. The Court screened the Complaint and pursuant 28 U.S.C. § 1915(e)(2)(B) dismissed all claims against the county prison and determined Mr. Bastian failed to state an Eighth Amendment conditions of confinement claim or medical claim. The Court granted Mr. Bastian leave to file an amended complaint. (ECF No. 7.)

On May 28, 2019, the Court's mailing to Mr. Bastian was returned as undeliverable. (ECF No. 8.)

## III. Discussion

A *pro se* litigant has an affirmative obligation to keep the court informed of his or her address. See M.D. Pa. Local Rule 83.18. Rule 41(b) of the Federal Rules of Civil Procedure authorizes the court to dismiss an action "[i]f the plaintiff fails to prosecute." The United States Supreme Court has held that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statue but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 631, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). Ordinarily when deciding, *sua sponte*, to dismiss an action as a sanction, a district court is required to consider and balance the six factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). "However, when a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis unnecessary. See McLaren v. NJ Dept. of Educ., 462 F. App'x 148, 149 (3d Cir. 2012) (per curiam) (citing Guyer v. Beard, 907 F.2d 1424, 1429 - 30 (3d Cir. 1990) and Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir.1994)); *see also Doe v. Megless, 654 F.3d 404, 411 (3d Cir. 2011)* (the District Court did not clearly err in determining that "[b]ecause Doe's conduct makes adjudication of the case impossible, dismissal pursuant to Rule 41(b) is appropriate, even without consideration of the Poulis factors").

As discussed above, Mr. Bastian has not communicated with the Court following the filing of his action. Court correspondence sent to Mr. Bastian, at his last known address, has returned as undeliverable. The Court's search of the

Department of Corrections' (DOC) Inmate Locator database, found at https://www.cor.pa.gov/Inmates (last visited May 30, 2019) confirms that Mr. Bastian is not in DOC custody. Similarly, the Court's efforts to locate Mr. Bastian via the Victim Information and Notification Everyday (VINELink) database available to the public to track the release of prisoners, found at https://www.vinelink.com (last visited May 30, 2019) reveals that Mr. Bastian is currently on parole. To date Mr. Bastian has not advised the Court of his release from custody or his current address nor made any filings in this matter since its inception.

Mr. Bastian's failure to advise this Court of his current whereabouts indicates that he is no longer interested in pursuing his action and precludes this Court from taking any further action in this matter. Furthermore, the Court's inability to communicate with Mr. Bastian is solely the result of his own inaction. Since Mr. Bastian's present whereabouts are unknown, and the Court screened his Complaint and dismissed it pursuant to 28 U.S.C. § 1915(e)(2)(B), it would be a waste of judicial resources to allow this action to continue. This Court is satisfied that based on the present circumstances, dismissal of this action without prejudice for failure to prosecute is warranted. If Mr. Bastian provides this Court with his current address within a reasonable period, this determination will be reconsidered.

An appropriate order follows.

Date: May 31st, 2019

_____
A. RICHARD CAPUTO
United States District Judge